UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>**Defendant.** | Civil Action No. 25-1611 (JEB) |

## MEMORANDUM OPINION AND ORDER

Four anonymous plaintiffs are suing the United States Securities and Exchange Commission for allegedly failing to fulfill their Freedom of Information Act requests related to the Commission's enforcement action against GlaxoSmithKline (GSK). See ECF No. 1 (Compl.), ¶ 9. Plaintiffs are identified as whistleblowers who made a July 11, 2023, FOIA request and have not received their requested documents as of the commencement of their suit on May 20, 2025. Id., ¶¶ 10–13. Contemporaneous with the filing of the Complaint, Plaintiffs filed this Motion to Proceed Pseudonymously and requested a sealing order for any information that might reveal their identities. See ECF No. 2 (Mot. to Proceed Pseudonymously). Based on the sparse facts offered, Plaintiffs have not made the detailed showing required to overcome the presumption in favor of disclosure. So the Court will deny the Motion. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.      Legal Standard**

1

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). Since Plaintiffs here seek to proceed both pseudonymously and under seal, the Court reviews the legal standards for both Motions.

A. Pseudonymity

The Federal Rules' identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interests are sought to be protected;
> [4] whether the action is against a governmental or private party; and, relatedly,
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

B. Sealing

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> [1] the need for public access to the documents at issue;
> [2] the extent of previous public access to the documents;
> [3] the fact that someone has objected to disclosure, and the identity of that person;
> [4] the strength of any property and privacy interests asserted;
> [5] the possibility of prejudice to those opposing disclosure; and
> [6] the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., Inc., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II. Analysis

The Court separately addresses pseudonymity and then sealing.

### A. Pseudonymity

Even at this early stage, Plaintiffs have not met their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identity.  The Court will address each of the five factors in turn based on information presented in the relatively threadbare Motion and Complaint.

First, Plaintiffs do not justify their need to proceed pseudonymously beyond asserting that they are four whistleblowers and that "[i]nformation that might tend to reveal Plaintiffs' identity as whistleblowers should be sealed." Mot. to Proceed Pseudo. at 2.  They point to the Dodd-Frank Act's whistleblower provisions, 15 U.S.C. § 78u-6(h)(2)(A), and parallel provisions in the SEC's internal regulations, 17 C.F.R. § 240.21F-2(c), to assert that because the

3

Commission and any of its officers or employees are obligated to keep the identities of whistleblowers confidential, the Court must also grant pseudonymity. See Mot. to Proceed Pseudo. at 2–3. But the question of whether the whistleblowers should be granted pseudonymity in court when they assume the role of litigants and request judicial intervention on a FOIA matter is a separate question. While whistleblowers may generally be likely candidates for grants of pseudonymity, they must still affirmatively overcome the presumption in favor of disclosure of litigants' identities by engaging in the five-factor inquiry cemented by In re Sealed Case, 971 F.3d 324 (D.C. Cir. 2020), which determines grants of anonymity.

Plaintiffs do not engage in a factor-one analysis beyond asserting that they are whistleblowers. The Complaint does not involve information of a "sensitive [or] highly personal nature," which is typically required to satisfy this factor. In re Sealed Case, 931 F.3d at 97. It reveals no "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, [and] bodily autonomy." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). They have thus not prevailed on the first factor.

Relatedly, Plaintiffs do not engage in a factor-two analysis (risk of retaliation) beyond offering two sentences on the risk that whistleblowers generally face should their identities be revealed. See Mot. to Proceed Pseudo. at 4. While the Court acknowledges the solicitude for confidential reporters, it can rule only on facts presented. Apart from noting earlier in the Motion that the Commission "has issued final orders denying Plaintiffs' claims" and that they intend to appeal, id. at 2, Plaintiffs do not offer any information about the current relationship between themselves and the Commission that might suggest a need for pseudonymity. Plaintiffs' general claim about "a risk of retaliation," id. at 4, is much "too bare and attenuated" for the

4

Court to find that they satisfy the second factor. See Doe v. Chutkan, No. 24-3470, ECF No. 4 (Mem. Op.) at 4 (D.D.C. Dec. 17, 2024); John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (finding second factor weighs in favor of disclosure when claims are "speculative and unsubstantiated") (citation omitted).

The third, fourth, and fifth factors are easier to dispense with. As Plaintiffs do not assert that their lawsuit would bear on the privacy interest of minors, see In re Sealed Case, 971 F.3d at 326, the third factor supports disclosure. See Doe v. Burns, No. 23-2937, ECF No. 7 (Mem. Op.) at 6 (D.D.C. Oct. 5, 2023). The fourth factor weighs in favor of pseudonymity because Plaintiffs' FOIA matter is a request for individualized relief against a government defendant. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.), at 5 (D.D.C. June 11, 2024) (collecting cases). The fifth tilts similarly because it is "not implicated" when a defendant knows the plaintiff's identity, In re Sealed Case, 971 F.3d at 326 n.1, and Plaintiffs maintain that they have already disclosed their identities to the Commission. See Mot. to Proceed Pseudo. at 4–5.

As only the fourth and fifth factors support pseudonymity, this is not enough for Plaintiffs to prevail.

B. Sealing

Plaintiffs broadly request sealing but do not at all substantiate their request in their Motion. Indeed, the Hubbard factors do not even appear. As the Court cannot rule on an analysis that does not exist, it will deny the request.

III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonym and to Seal is DENIED;

2. Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing their Complaint on the public docket using their real names, and, if so, they shall also file their [2] Motion on the public docket as an exhibit to the Notice;

3. If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ James E. Boasberg<br>
JAMES E. BOASBERG<br>
Chief Judge

Date: June 3, 2025