IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 1, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>Defendant. | Case No.: 1:25-cv-1611 |

## MOTION FOR RECONSIDERATION

Plaintiffs Jane and John Does move for reconsideration of the Court's order dated June 3, 2025, which denied Plaintiffs leave to proceed pseudonymously. Since this Court entered that order, the D.C. Circuit has granted Plaintiffs leave to proceed pseudonymously in a related case, which involves the same parties and inexplicably intertwined factual issues. *See Doe v. SEC*, Case No. 25-1131 (D.C. Cir. 2025). Reconsideration of the Court's June 3 order is therefore appropriate in light of this significant development since the entry of that order to avoid conflicting decisions in this Court and the D.C. Circuit on the same issue (*i.e.*, whether to protect Plaintiffs' identity as whistleblowers by permitting them to proceed pseudonymously).

## BACKGROUND

Plaintiffs are whistleblowers who provided information to Defendant Securities and Exchange Commission ("Commission"). Plaintiffs' information led to the Commission recovering tens of millions of dollars from the wrongdoer whom Plaintiffs reported to the Commission. Both the statute and regulations governing the Commission's whistleblower proceedings expressly require that whistleblowers' identities be kept confidential. *See* 15 U.S.C.

§ 78u-6(h)(2)(A) (directing in pertinent part that "the Commission and any officer or employee of the Commission shall not disclose any information, including information provided by a whistleblower to the Commission, which could reasonably be expected to reveal the identity of a whistleblower"); *see also* 17 C.F.R. § 165.4(a) ("Section 23(h)(2) of the Commodity Exchange Act requires that the Commission not disclose information that could reasonably be expected to reveal the identity of a whistleblower.").[1]

Plaintiffs petitioned the Commission for whistleblower awards under § 922 of the Dodd-Frank Act and 17 C.F.R. § 240.21F,-3. which the Commission denied. Plaintiffs are now appealing that denial to the D.C. Circuit Court of Appeals. *See Doe v. SEC*, Case No. 25-1131 (D.C. Cir.).

The case now before this Court is a companion case to Plaintiffs' pending case in the D.C. Circuit. There, as noted, Plaintiffs are challenging the Commission's denial of their whistleblower award petitions. Here, Plaintiffs are challenging the Commission's failure to respond to their Freedom of Information Act ("FOIA") requests about the same matter. In particular, Plaintiffs seek to enforce FOIA requests they filed in support of their applications for award in order to expand the factual basis the Commission actually considered when deciding those applications. That expanded factual basis may support an appellate record in which to challenge the Commission's denial of their whistleblower award petitions, or prompt Plaintiffs to move to remand to the Commission for a more fulsome review of that expanded factual basis. In other words, the FOIA requests, and the Commission's failure to provide responsive documents, involves the same parties and issues on appeal.

---

[1] The Commission has scrupulously adhered to this statutory and regulatory requirement that Plaintiffs' identities be kept confidential throughout the proceedings, including in the D.C. Circuit, where the Commission did not oppose Plaintiffs' motion to proceed pseudonymously.

To protect their identity as whistleblowers in both this Court and the D.C. Circuit, Plaintiffs moved to proceed pseudonymously. On June 3, this Court denied Plaintiffs' motion. On June 20, the D.C. Circuit granted Plaintiffs' motion.

## STANDARD OF REVIEW

"Rule 54(b) governs reconsideration of orders that do not constitute final judgments." *Cobell v. Norton*, 224 F.R.D. 266, 271 (D.D.C. 2004). Under Rule 54(b),

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). While the "precise standard governing Rule 54(b) reconsideration is unsettled," it is settled "that Rule 54(b) reconsideration may be granted 'as justice requires.'" *Cobell*, 224 F.R.D. at 271 (citation omitted); *see also Campbell v. U.S. Dep't of Justice*, 231 F. Supp.2d 1, 7 (D.D.C. 2002) ("Reconsideration of an interlocutory decision is available under the standard 'as justice requires.'"); *Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (same); *see also* Fed. R. Civ. P. 60(b) Advisory Comm. Notes ("[I]nterlocutory judgments are not brought within the restrictions of [Rule 60(b)], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

This Court explains that "asking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell*, 224 F.R.D. at 272. One such circumstance is "where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court." *Id*. (citation omitted) (cleaned up). Here, there has been just such a significant development.

## ARGUMENT

When this Court denied Plaintiffs' request to proceed pseudonymously on June 3, the D.C. Circuit had not yet ruled on the same motion pending in that court. The D.C. Circuit now has. Plaintiffs respectful ask that the Court reconsider its decision and grant Plaintiffs' request in accord with the D.C. Circuit's ruling on that same issue.

Doing so is necessary for this Court to avoid ruling in a manner that squarely conflicts with the D.C. Circuit's ruling on the same issue. As this Court has cogently observed, "district courts are duty-bound to follow circuit precedent." *Hudson v. Am. Fed'n of Gov't Emps.*, 2021 WL 5083436, at *5 (D.D.C. Nov. 2, 2021) (Boasberg, J.), *aff'd,* 2022 WL 15798719 (D.C. Cir. Oct. 28, 2022); *see also United States v. Torres*, 115 F.3d 1033, 1036 (D.C. Cir. 1997) (instructing that "district judges, like panels of this court, are obligated to follow controlling circuit precedent"); *VHS Acquisition Subsidiary No. 7 v. NLRB*, No. 2024 WL 4817175, at *6 (D.D.C. Nov. 17, 2024) (observing that "this Court lacks the power to toss aside controlling Circuit precedent"); *Occupational Safety & Health L. Project, PLLC v. U.S. Dep't of Lab.*, 2022 WL 3444935, at *7 (D.D.C. Aug. 17, 2022) (noting "the general rule that a district court cannot alone disregard its circuit's precedent").

Similarly, even if this Court were to conclude that the D.C. Circuit's decision did not bind this Court, this Court reconsidering its decision is necessary to avoid this Court and the D.C. Circuit rendering inconsistent decisions on the same issue, namely, whether to protect Plaintiffs' identity as whistleblowers by permitting them to proceed pseudonymously in connection with SEC whistleblower-related proceedings. *See Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 556 n.4 (1990) (emphasizing judiciary's interest in rendering a decision that "avoids the possibility of inconsistent determinations"); *Montana v. United States,* 440 U.S. 147, 154

(1979) (noting risks posed by inconsistent decisions); *Wallace v. Kato*, 549 U.S. 384, 403 (2007) (Breyer, J., dissenting) (observing the judiciary's interest in decisions that "provide for orderly adjudication, minimize the risk of inconsistent legal determinations, [and] avoid clogging the courts with potentially unnecessary 'protective' filings").[2]

Under the circumstances, justice requires that the Court reconsider its decision. Both federal statute and regulation require that whistleblowers' identities be kept confidential. *See* 15 U.S.C. § 78u-6(h)(2)(A) (quoted above); 17 C.F.R. § 165.4(a) (quoted above); *see generally* Congressional Research Service, "Compilation of Federal Whistleblower Protection Statutes," Jan. 13, 2025, *available at* https://www.congress.gov/crs-product/R46979 (last visited June 24, 2025). This statutory and regulatory codification reflects the foundational policy judgment of both the legislative and executive branches about the necessity of protecting whistleblowers' confidentiality. The D.C. Circuit has likewise recognized the importance of this with respect to these very Plaintiffs, ruling that they shall be allowed to proceed pseudonymously in challenging the Commission's denial of their whistleblower award petitions. In this Court, where Plaintiffs are challenging the Commission's failure to respond to their FOIA requests about the same matter (*i.e.*, their whistleblowing), justice requires that the Court reconsider its decision and grant them leave to proceed pseudonymously.

Finally, Plaintiffs have no other way to proceed in developing facts to contest the Commission's whistleblower denial. If the Court denies their ability to do so under pseudonyms, they will be forced to withdraw this motion out of fear of retaliation or exposure as

---

[2] The regular practice of the D.C. Circuit is to grant whistleblowers proceeding under the Dodd-Frank Act leave to proceed under pseudonyms to protect their identity. *See, e.g.*, *Jane Doe v. SEC*, Case No. 23-1140 (D.C. Cir.); *John Doe v. SEC*, Case No. 23-1044 (D.C. Cir.); *Jane Doe v. SEC*, Case No. 21-1098 (D.C. Cir.); *Jane Doe v. SEC*, Case No. 21-1097 (D.C. Cir.).

-6-

whistleblowers against the company for which they sourced critical information to the Commission, which is contrary to the central purpose behind FOIA in giving claimants the right to seek information within the government that is not subject to FOIA exemptions.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court reconsider its June 3 order, follow the D.C. Circuit's decision, and, in accord with that decision, grant Plaintiffs leave to proceed pseudonymously.

Respectfully submitted,

WASHINGTON GLOBAL LAW GROUP PLLC

/s/ *Max Maccoby*
Max Maccoby, DC Bar No. 462064
Washington Global Law Group PLLC
1701 Pennsylvania Ave., NW #200
Washington, DC 20006
maccoby@washglobal-law.com
Tel: 202-248-5434
*Counsel for Plaintiffs*